F. A. HUBBARD, A TAXPAYER, ON BEHALF OF THE CITY OF SANDUSKY V. THE CITY OF SANDUSKY ET AL.

*Letting of contract to lowest responsible bidder—Separate bids for material or labor, and bids for the whole—Authority of council to decide who is the lowest responsible bidder.*

This was an application to the judges of the circuit court at chambers to dissolve a temporary injunction granted in this action by the probate judge of Erie county.

The original petition was filed in the court of common pleas of that county on the 1st day of April, 1895, at which time the probate judge allowed a temporary injunction in accordance with the prayer of the petition. On the 4th day of April an amended petition was filed, to which an answer was afterwards filed, and also a motion to dissolve the temporary injunction. The motion was heard in the court of common pleas upon oral testimony and from the judgment of the court dissolving the temporary injunction the plaintiff appealed, and by stipulation of counsel this motion is heard upon a transcript of the oral evidence taken before the judge of the court of common pleas as well as additional affidavits filed by both parties.

Omitting the formal parts of the amended petition, the petition sets forth that the city of Sandusky in October, 1894, passed an ordinance to improve Water street by grading, resetting the old curb and placing new curb where needed and paving with brick in accordance with the plans and profiles relating to said improvement on file in the office of the city engineer. That the improvement should be by contract, and the ordinance further stipulated generally the forms for advertising, and provided, in accordance with the statute, that each bid should contain the full name of every person interested in the same and be accompanied by a sufficient guaranty of some disinterested person or persons that if accepted a contract would be entered into and the performance of it properly secured. The petition further states about the 25th of November proposals were received for such proposed improvement and were all rejected, and about the 21st of January, 1895, sealed proposals were again advertised for and were received up to noon of March 6th. That a certain firm of Coleman & Hallwood submitted two bids, one for using Townsend block and one for Jones repressed block, the bid for the Townsend block being for the total amount of $25,857.00

and for the Jones block $28,457.00, and that the council on the 25th day of March accepted the bid for $28,457.00, and ordered and directed the president of the city council and the city clerk thereof to enter into a contract on behalf of the city with the said Coleman & Hallwood at the said above named sum, and the petition further stated that the said bid so accepted was irregular, illegal and void in certain respects, to wit : that the same was made for the entire improvement, including labor and material, but did not separately state the labor and material and the prices thereof as required by law, but did state the different kinds of materials necessary to enter into and constitute the said improvement under the heads of "repressed block, grout filling, curbing and redressing and resetting curb," only, when the materials necessarily entering into said improvement consisted of brick, grout filling, curbing and foundation, the latter to consist of six inches of concrete, which is composed of clean, broken or crushed boulders, limestone or other equally hard material, hydraulic cement and sharp, clean lake sand as provided in the specifications.

Further, that the said bid of Coleman & Hallwood was not the lowest responsible bid for said improvement, nor the lowest aggregate cost for the labor and material upon said improvement, for the reason that the bid of one E. F. Kinear to furnish Jones repressed block, the same as stated in the bid of Coleman & Hallwood, was at a price of 38 cents per square yard less than the bid of Coleman & Hallwood, and the bid of one George A. Doerzbach, a responsible bidder, for the material for grouting was at the price of 1½ cents per square yard less than stated in the bid of Coleman & Hallwood; and that the said Kinear also bid to furnish labor upon said grouting for 11½ cents per square yard less than the sum bid by the said Coleman & Hallwood, and that the said Coleman & Hallwood had bid to lay the said brick block at a price of 4 cents per square yard. That taking the said bids above specified of Kinear and Doerzbach and Coleman & Hallwood for laying the blocks, the aggregate cost of said improvement would be 51 cents per square yard less than the bid of Coleman & Hallwood in the aggregate, which if accepted and contracts entered into in accordance with such bids on said different items would result in a saving to the city of $9,671.00.

It was further alleged that the bids presented to the city council combined and aggregated upon the method above stated would be less than that of the said Coleman & Hallwood accepted by the said city council.

It was further alleded that the accepted bid of Coleman & Hallwood was not unconditional and was not in conformance with the specifications submitted by the city, but had attached to it conditions not contained in the specifications and not contained in the bids made by the other bidders and not required by law, to wii the following condition : "This bid is for all items bid upon or none." And, further, that said accepted bid had attached to it another void and illegal condition, to wit: That the said city would permit the said Coleman & Hallwood to use the stone and sand suitable for the purpose now in the street for making the new foundation.

This material, the plaintiff alleged, was worth from $2,500 to $3,000 and would be that much additional compensation to the said Coleman & Hallway on account of their contract.

Further that the Townsend repressed block is of the same meterial, size, shape, consistency and hardness as the Jones repressed block and that if the bid of the said Coleman & Hallwood to furnish Townsend block at the price named in said bid had been accepted, the said improvement would have cost $4,740 less than under the acceptdd bid and would have relieved the lot owner fronting on said improvement and the trxpayers of the city, including the plaintiff, from that amount of burden, all of which the said city council knew when it accepted the said bid of Coleman & Hallwood.

Further, that the said Coleman & Hallwood did and still do control the output and the prices of Jones block and name and determine the prices at which

the same should be sold to others and have and enjoy practically a monopoly
the same to the exclusion of all others so that there could be no competition
making bids for furnisning said block as against Coleman & Hallwood, and fr
and untrammeled competition was therefore defeated, and said Coleman & Hal
wood were enabled to secure to themselves unlawful advantage over other bi
ders on said improvement.

The petition further alleged that in attempting to adopt said Jones block
the material for said improvement, the majority of the said city council unjust
and corruptly colluded and conspired with said Coleman & Hallwood for the pu
pose and with the design of enabling them to avoid honest and fair competitio
in bidding on said improvement and to make large and unreasonable profits fro
their said bid, and also for the purpose of excluning other bidders and preven
ing them from competing for said contract and did so exclude them from con
peting for said contract and to the damage of the city.

It was further alleged that the ordinance under which the said bids wer
made provided for the paving of the said street with brick, and that proposals f
constructing said improvement of brick and only brick were advertised for uode
said ordinance, while the accepted bid is for furnishing and laying Jones r
pressed block, a different material from that provided for in said ordinance.

The petition closes with a prayer for an injunction against entering into th
contract or its performance.

Proofs were submitted to sustain the allegations contained in the petition, an
all the allegations contained in the petition alleging any illegal action on the pa
of the council or proposed action from any corrupt motive influencing thei
said actions were denied by the answer, and a great deal of evidence was sub
mitted upon the issue thus joined.

The evidence submitted showed the allegations of the petition to be sub
stantially true in relation to the combinations that might be made, by taking
portion of the labor or material in one bid and adding it to a portion of the labo
or material in another. It also showed that the bid of Coleman & Hallwood fo
Jones repressed block was the lowest single bid taken as a whole for the con
struction of this improvement, except the bid of Jacobs & Conley, which bid th
proof showed was not accompanied with any guaranty or check as provided i
the advertisement inviting proposals, and when opened by the proper authority
the city clerk and city civil engineer, being found in that condition was not by sai
clerk reported to the council and the council never took any action upon it. I
was for the performance of the whole contract somewhat lower than the bid o
Coleman & Hallwood and embraced the same identical materials.

The controversy largely turned upon the construction to be given to sectio
2303 of the Revised Statutes, to wit:

SEC. 2303. When the corporation makes an improvement or repair provide
for in this chapter, the cost of which will exceed five hundred dollars, it shall pro
ceed as follows:

*First*—It shall advertise for bids for the period of two weeks, or if the esti
mated cost exceed five thousand dollars, four weeks, in two newspapers published
in the corporation; or by posting advertisements in three public places in the cor
poration, if no newspaper is published therein.

*Second*—The bids shall be filed with the clerk of the board of improvement
or board of public works (city commissioners), as the case may be, sealed up, b
twelve o'clock at noon on the last day, as stated in the advertisement.

*Third*—The bids shall be opened at twelve o'clock at noon on the last day
for filing the same, by the clerk, the mayor, the civil engineer and the assistant
civil engineer, or any two of them, and publicly read by the officer opening the
same, and filed in the office of the clerk, and shall be reported by the clerk of the
council, board of improvements, or board of public works (city commissioners),
as the case may be, at the next regular meeting thereafter.

*Fourth*—Each bid shall contain the full name of every person interested in the same, and shall be accompanied by a sufficient guaranty of some disinterested person, that if the bid is accepted a contract will be entered into and the performance of it properly secured.

*Fifth*—If the work bid for embraces both labor and material, they shall be separately stated, with the price thereof.

*Sixth*—None but the lowest responsible bid shall be accepted, when such bids are for the labor or material separately; provided, that when the character of the material of the improvement has not been determined upon before tne bids are received, that the lowest responsible bid for the improvement with the material determined upon after the bids have been received, shall be accepted; but the council may, in its discretion, reject all the bids, or it may at its discretion, accept any bid for both labor and material which may be the lowest aggregate cost of such improvement or repairs.

*Seventh*—The contract shall be between the corporation and the bidder, and the corporation shall pay the contract price for the work in cash; provided, however, that the contract price may be paid in assessments, as the council, in its discretion, may have previously determined; and suits to recover or enforce such assessment may be brought in the name of the corporation.

*Eighth*—If two or more bids are equal in the whole or any part thereof, and the lower than any others, either may be accepted; but in no case shall the work be divided between them.

*Ninth*—When there is reason to believe there is collusion or combination among the bidders, or any number of them, the bids of those concerned therein shall be rejected.

On hearing to all the judges the temporary injunction granted by the probate judge was dissolved, without any opinion other than the following statement of the law:

By the Court: Upon the leading points made in support of the injunction we hold:

*1st point.* As the proper construction of section 2303, Revised Statutes,

(a) That the council may accept the separate bids for material or for labor, and if they accept separate bids they must accept the lowest bid of the class they accept, but that rule is to be applied to the separate bids.

(b) That the council may, in *its discretion*, accept a bid for both labor and material which may be the lowest aggregate of cost or bid for the improvement.

(c) That in ascertaining the lowest aggregate cost or bid the council may take

*First*—The aggregate amount of any single bid which is for both material and labor.

*Second*—They may add any one separate bid for labor to any one separate bid for material to find an aggregate cost or bid of or for the improvement.

*Third*—The council may not take the lowest bid for either material or labor any bid for the whole work and add the same to any other bid, either a separate bid or part of a bid for the whole work, to ascertain the lowest aggregate cost or bid for such improvement.

*Fourth*—The bids for labor or material are each to be taken as a whole and the council may not take particular items in one bid and add the same to items of labor or material in another bid to ascertain the lowest aggregate cost.

*Fifth*—The bids which are for both labor and material are to be accepted as a whole, and the council should not under the statute accept the bids for labor or material in such separately. Such bids are made as a whole and should be accepted or rejected as a whole.

It follows that a statement upon a bid for the whole work that the bid is, as a whole, is irrelevant and immaterial.

*2d point.* The statute provides that the lowest responsible bid shall be accepted, etc.

The authority is vested in the council to decide which is the lowest responsible bid, and that authority or power will not be interfered with by the courts except upon a clear showing of fraud or gross abuse of authority practically amounting to a fraud; and the question of responsibility must enter largely into all decisions of the council in accepting bids. The court will presume always that the council acted rightfully in making a decision until the contrary is shown.

No evidence is given as to the responsibility of any of the bidders, and how far that question may have entered into the acceptance or rejection of any bid does not appear.

*3d point.* As to the manner in which the bids were opened and reported to the council we see no substantial objection.

*4th point.* We have no doubt that the word brick as used in the specifications applies to and includes the word block as used in the bids, and that both refer practically to the same article.

*5th point.* The bid of Jacobs & Conley did not conform to the requirements of the council and the council would have the power to reject the same for that reason. The court in our opinion ought not to grant an injunction upon a claim based upon a defective bid.

*6th point.* We find no evidence before us to substantiate the allegation of the petition charging collusion and confederacy on the part of the members of the common council with the successful bidder or bidders in awarding the bid to such bidders, nor anything to show that the members of the council were not acting according to their best judgment and faithfully endeavoring to [perform the duties imposed upon them in regard to the making of such improvement.

Under our construction of the statute and under the evidence before us, it appears to us that the council did in fact let the contract for the making of this improvement to the lowest bidder therefor and for the lowest aggregate cost of such improvement under the bids made.

*C. P. Wickham, Geo. C. Beis, Geo. E. Reiter,* for Plaintiff.

*Colver & Colver Linn W. Hull, Henry Schoepfle, City Solicitor,* for Defendants.